IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PAUL R. VIGIL,<br><br>Petitioner,<br><br>v.<br><br>SCOTT CROWTHER,<br><br>Respondent. | MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS<br><br>Case No. 2:16-cv-794 CW<br><br>District Judge Clark Waddoups |

Petitioner, Paul R. Vigil, requests federal habeas corpus relief. 28 U.S.C.S. § 2254 (2018). Having carefully considered the amended petition, motion to dismiss, Petitioner's response, and relevant law, the Court agrees with the State that the petition must be dismissed as untimely. *See id.* § 2244(d).

## FACTS

Petitioner was convicted in Utah state court of aggravated kidnaping and rape, possession of controlled substance with intent to distribute, and possession of a dangerous weapon. The Utah Court of Appeals affirmed his conviction, *State v. Vigil*, 2013 UT App 167, 306 P.3d 845; and the Utah Supreme Court denied certiorari on November 7, 2013, 317 P.3d 432 (Utah). Petitioner had ninety days (by February 5, 2014) to file a petition for certiorari with the United States Supreme Court, which he did not do. Petitioner did not seek state post-conviction relief.

This federal habeas petition was filed almost two-and-a-half years later on July 14, 2016.

# ANALYSIS

Federal statute imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C.S. § 2244(d) (2018). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* That occurred here on February 5, 2014, ninety days after the Utah Supreme Court denied a writ of certiorari, during which Petitioner could have sought review in the United States Supreme Court. Therefore, Petitioner would have had until February 5, 2015 to file his federal petition, excepting applicable tolling. This federal petition was not filed until July 14, 2016--almost a year and a half after the limitation period expired.

## 1. Statutory Tolling

Because Petitioner never filed a state post-conviction application, statutory tolling does not apply here. *Id*. ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

## 2. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling, contending that he lacked legal access[1] and physical ability to file this case sooner and that he is actually innocent.

---

[1] The Court notes that Plaintiff's assertions here sound more like a civil-rights claim, involving legal access. Perhaps Plaintiff may wish to evaluate whether he wants to bring a civil complaint with a legal-access cause of action. If so, Plaintiff must file a separate case, as the claim is inappropriate in a habeas-corpus context.
  The Court notes that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

The Court addresses whether the circumstances underlying these arguments trigger equitable tolling to save Petitioner from the period of limitation's operation. "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished). Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.

### a. Uncontrollable Circumstances

Petitioner asserts that his lateness should be overlooked because he lacked legal access (e.g., legal resources and knowledge and ability to mail legal documents) and physical capacity to pursue litigation. Petitioner has "failed to elaborate on how these circumstances" affected his

---

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege not only the inadequacy of the library or legal assistance furnished but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

The Court will ensure Plaintiff has a form complaint to further pursue such a claim as he sees fit.

ability to bring his petition earlier. *Johnson v. Jones*, No. 08-6024, 2008 U.S. App. LEXIS 8639, at *5 (10th Cir. April 21, 2008) (order denying certificate of appealability). For instance, he has not specified how, between February 5, 2014 and February 5, 2015, he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what in particular would simply not allow him to file. He also does not hint what continued to keep him from filing even in the almost year and a half beyond the limitation period or how extraordinary circumstances eased to allow him to file this habeas-corpus petition on July 14, 2016. Such vagueness is fatal to his contention that extraordinary circumstances kept him from a timely filing.

The argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2018) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that any possibility that prison contract attorneys'

potential misinformation and lack of help stymied Petitioner's habeas filings does not toll the period of limitation. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

As for Petitioner's physical disability that he argues kept him from timely filing, he provides some medical records. However, he offers no context--in other words, he fails to link the information in the medical records (like his arm and shoulder pain and immobility and its timing) to an allegation that he could absolutely not use, or request the use on his behalf of, writing instruments to formulate even the most simplistic pleading to inform the Court of his intention to seek habeas relief. *Takemire v. Novak*, 57 Fed. App'x, 385, 387 (10th Cir. 2003) (unpublished) (denying equitable tolling, despite Petitioner's history of "long standing physical complications," when Petitioner did not show "any extraordinary circumstances beyond his control that made it *impossible* to file" (emphasis added)); *Akothe v. Bear*, No. CIV-17-693-D, 2017 U.S. Dist. LEXIS 167112, at *4 (W.D. Okla. Oct. 10, 2017) (denying equitable tolling when "Petitioner [did] not explain how . . . any disability prevented him from filing a habeas petition from 2014 until 2017"); *Contreras v. Franklin*, No. CIV-09-734-R, 2009 U.S. Dist. LEXIS 121762, at *17-18 (W.D. Okla. Dec. 16, 2009) (denying equitable tolling when "Petitioner both failed to show that such illness was an extraordinary circumstance and when that illness occurred").

### b. Actual Innocence

Finally, the Court addresses Petitioner's contention that the period of limitation should be tolled because he is actually innocent. Petitioner's contention rests on two assertions: (1) that medical evidence showed that he was physically incapable of raping the victim; and (2) that the evidence overall should have been interpreted differently from how the jurors interpreted it.

"[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial. Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Rose v. Newton-Embry*, No. 05-6245, 2006 U.S. App. LEXIS 22713, at \*4-5 (10th Cir. Sept. 5, 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)), *cert. denied*, 127 S. Ct. 2039 (2007). Further, this evidence must "affirmatively demonstrate[ the petitioner's] innocence," not just "undermine the finding of guilt against him." *Green v. Kansas*, No. 06-3118, 2006 U.S. App. LEXIS 20046, at \*8 (10th Cir. Aug. 3, 2006) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (internal citations & quotations omitted)). After presenting such evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable juror would have found the defendant guilty.'" *See Rose*, 2006 U.S. App. LEXIS 22713, at \*5 (quoting *Schlup*, 513 U.S. at 329). Such evidence is so very rare, though, that "'in virtually every case, the allegation of actual innocence has been summarily rejected.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citations omitted).

There is no new evidence here. And, Petitioner's mere rehashing of the evidence and alleged violations of his civil rights do not convince this Court that the exception applies. Indeed, the kernel of the Court's analysis regarding actual innocence is not whether Petitioner urgently believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner is factually innocent. This factual innocence must also be supported with new evidence, which Petitioner has not provided.

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Petitioner thus has not established a basis for equitable tolling.

**ORDER**

IT IS HEREBY ORDERED that:

(1) Respondent's motion to dismiss is GRANTED. (Doc. No. 21.) This federal habeas petition was filed past the period of limitation and neither statutory nor equitable tolling rescue the delay from the period of limitation's operation.

(2) A certificate of appealability is DENIED.

(3) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint for Plaintiff to use should he choose to file a civil-rights complaint.

(4) The Clerk of the Court is directed to CLOSE this action.

DATED August 15th, 2018.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court